IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-02686-BNB

JOSHUA ALAN MEISMAN,

      Plaintiff,

v.

FREMONT COUNTY, COLORADO,
11th JUDICIAL DISTRICT ATTORNEY'S OFFICE,
JULIE RHODEN, Deputy District Attorney,
MICHAEL PIRRAGLIA, II, Deputy District Attorney,
FREMONT COUNTY COURT, and
JUDGE NORMAN C. COOLING, County Court Judge,

      Defendants.

_____

ORDER OF DISMISSAL
_____

      Plaintiff, Joshua Alan Meisman, currently resides in Peyton, Colorado.  Acting *pro se*, Mr Meisman initiated this action by filing a Complaint.  Subsequently, he supplemented the Complaint naming additional defendants and claims.  The Court must construe the Complaint and Supplement liberally because Mr. Meisman is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an

advocate for *pro se* litigants.  *See id.*  For the reasons stated below, the Court will dismiss the Complaint and action as legally frivolous.

The Colorado State Patrol ticketed Mr. Meisman on March 31, 2011, for failure to provide proof of valid insurance upon request.  Subsequently, Fremont County filed a criminal case against Mr. Meisman for violating Colo. Rev. Stat. §§ 42-2-138 and 42-4-1409, claiming that he drove a motor vehicle on a public highway with a suspended Colorado driver's license and failed to provide proof of valid insurance.  Mr. Meisman asserts that he has a right to freedom of movement and the requirement that he have a valid driver's license and proof of insurance violates his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.  Mr. Meisman further asserts he pled not guilty to the charges and has requested a jury trial that is scheduled for November 10, 2011.  As relief, Mr. Meisman seeks damages and a dismissal or acquittal of all state criminal charges.

It is a valid exercise of the state's police power to require all persons who operate motor vehicles on state highways to possess a valid driver's license.  The regulation is rationally related to the state's purpose in safeguarding the health and safety of its citizens, and the means employed by the state are rationally related to the purpose of the statutes.  *Kaltenbach v. Breaux*, 690 F. Supp. 1551, 1554-55 (W.D. La. 1988).  The right to travel, like the right to free exercise of religion, is fundamental, but not absolute.  *Shapiro v. Thompson*, 394 U.S. 618 (1969), *overruled in part on other grounds by Edelman v. Jordan*, 415 U.S. 651 (1974).  The Supreme Court has held that conditions precedent to granting a driver's license, car registration or license plates do not infringe on constitutional rights.  *Bell v. Burson*, 402 U.S. 535 (1971); *Ex Parte*

2

*Poresky*, 290 U.S. 30 (1933) (liability insurance as a precondition).

Plaintiff's contention that the State of Colorado may not require him to have a driver's license is meritless.  Requiring a driver's license is a reasonable and necessary regulation which does not offend due process.  *See Reitz v. Mealey*, 314 U.S. 33, 35 (1941) ("The use of the public highways by motor vehicles, with the consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers."), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652-54 (1971).

Mr. Meisman, also, may not recover damages for the claims that he asserts, because he challenges the validity of a possible conviction and sentence.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  "*Heck*  precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed."  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).  A judgment in favor of Mr. Meisman, in this action, necessarily would imply the invalidity of his criminal proceedings and subsequent conviction.  Mr. Meisman does not allege an invalidation nor is there an indication in the

3

Complaint that he was granted one.  Accordingly, his claim for damages is barred by *Heck.*

Finally, at least four of the six named defendants are improperly name parties to this action.  The District Attorney's Office is an agency of the State of Colorado.  As such, it is protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

Defendants Julie Rhoden and Michael Pirraglia, II, also are immune from suit under § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).  Mr. Meisman's allegations against Defendants Rhoden and Pirraglia involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991)).

Furthermore, Defendant Judge Norman C. Cooling is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  In overseeing Mr. Meisman's criminal proceedings, Judge Cooling is acting in his judicial capacity and is absolutely immune from suit.

Based on the above findings, Mr. Meisman's claims are legally frivolous.  Even if the Court were to find merit in Mr. Meisman's claims, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal

4

proceedings.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59
F.3d 1058, 1063-64 (10th Cir. 1995).  To establish extraordinary or special
circumstances, a party must be facing an irreparable injury that is both great and
immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger* provide only for a
"very narrow gate for federal intervention."  *Phelps*, 59 F.3d at 1064 (internal quotation
marks omitted).

Furthermore, the Supreme Court has established three factors that are relevant
to determine whether abstention is required under *Younger*.  *See Chapman v.
Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). (citations omitted).  In determining
whether *Younger* is appropriate, a court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative
> proceeding, (2) the state court provides an adequate forum
> to hear the federal complaint, and (3) the state proceedings
> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir.
2003) (citation and quotation marks omitted).  "Once these three conditions are met,
*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a
district court is required to abstain." *Id.* (citation omitted).

In the instant action, all three of these conditions are met.  Mr. Meisman is
involved in a state criminal proceeding that is ongoing, as evidenced by his pending
criminal trial in the Fremont County Court.  Second, Mr. Meisman fails to demonstrate
that the state court is not an adequate forum to hear his constitutional challenges to the
handling of the charges against him.  The adjudication of this federal lawsuit would

inescapably intrude on the potential for the state court to decide the same issues. Third, there are important state interests in allowing the Colorado state court to resolve the issues brought by Mr. Meisman.

Further, no exceptions to *Younger* exist in this case.  Mr. Meisman does not demonstrate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).  Because Mr. Meisman fails to assert an exception to *Younger*, the Court should abstain from exercising jurisdiction.  *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  Nonetheless, the Court will dismiss this case as legally frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __7th__ day of ___November_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court